NEW-YORK,
May, 1823.

VAN RENSSE-
LAER
v.
SHERIFF
OF ALBANY.

---

In the matter of SANDERS VAN RENSSELAER *against* THE SHERIFF of ALBANY.

Whether on a sale by execution upon a senior judgment, a junior judgment creditor may redeem so as to divest the right of an intermediate mortgagee? *Quere.*

*Et semble,* he may, but the point was not finally decided.

TALCOTT, (*Attorney General,*) moved for a *mandamus* to the Sheriff of Albany, requiring him to convey to *Sanders Van Rensselaer*, certain premises sold by him on a *fi. fa.* to *Abraham A. Lansing*, of which sale he had given a certificate, agreeably to the act of the 12*th* of *April*, 1820. (*Sess.* 43, *ch.* 184.)

The case was this : *Watrous* had a judgment, docketed *March* 27*th*, 1817, against the owner of the premises. On the 9*th* of *April*, 1818, the owner mortgaged the same premises to *Philip P. Van Rensselaer* ; *July* 12*th*, 1818, he mortgaged them to *Peter Sanders* ; and on the 20*th October*, 1819, he again mortgaged the same premises to *John Saunders*. *Robert Sanders* had a judgment against the owner, docketed *October* 23*d*, 1819 ; and *Sanders Van Rensselaer* had a judgment against him, docketed *December* 7*th*, 1822. The sale was upon executions issued, *simultaneously*, on the judgments of *Watrous* and *Robert Sanders*, under which *Abraham A. Lansing* purchased, *October* 20*th*, 1821, at $320. *Sanders Van Rensselaer*, the day of docketing his judgment, paid the Sheriff $357, and claimed to redeem as a judgment creditor. He left with the Sheriff a certified copy of his judgment record, and on the 21*st January*, 1823,

NEW-YORK,
May, 1823.

VAN RENSSE-
LAER
v.
SHERIFF OF
ALBANY.

formally demanded a conveyance. On the *18th January*, 1823, *Robert Sanders* deposited $348 with the Sheriff, also claiming to redeem as a judgment creditor. *Philip P. Van Rensselaer* gave notice to the Sheriff not to convey till *his* mortgage and the one to *Peter Sanders* were satisfied. He claimed the latter, as executor of *Abraham A. Lansing*, who had died since the sale to him by the Sheriff, and to whom, before his death, it had been assigned by *Peter Sanders*.

*Hopkins*, contra, said the case presented an important question as to the rights of mortgagees. Before the statute, (*Sess.* 43, *ch.* 184,) they were preferred to junior incumbrancers, and might protect themselves against all senior incumbrances, by paying them off, under the powers of a Court of Equity. The act ought not to be so construed as to take away this preference. For the rule in construing statutes, he referred to *Com. Dig. Parliament, R.* 10. The purchaser, under the first incumbrance, divests the right of all subsequent ones; and a subsequent judgment creditor, redeeming him, by the terms of the statute, *shall be entitled to, and acquire all the rights of the original purchaser*. A literal interpretation of this act would postpone, to the last, all intervening mortgages between the *senior* and *junior* judgments. Indeed, it would virtually divest all preference in favour of the mortgagees, and place them completely in the power of the debtor. He may confess judgments to any amount, under which the creditors may redeem, in succession, without regard to the rights of the mortgagee. The law of mortgages is thus completely abolished. On the other hand, if our *liens* are to be saved, and the judgment creditors are to take, subject to those *liens*, as they must do, in safety to us, they want no more favour than they now possess. Surely, if the Court interfere at all, it will be rather to give the deed to the mortgagee, than to the junior judgment creditors, leaving them to contest the right in a Court of Equity.

*Talcott*, in reply. The act was not passed in reference to mortgagees ; and it, therefore, gives *them* no right to redeem.

NEW-YORK,
May, 1823.

VAN RENSSE-
LAER
v.
SHERIFF OF
ALBANY.

They are left as at common law, and now have the same right to pay off the senior judgment as they had before the *statute* was passed ; the object of which was to prevent those enormous sacrifices of real property, which prevailed under the law authorizing a sale and an immediate conveyance. The mortgagee should, then, have saved himself, by doing what was necessary to his safety under the old law, viz. by bidding for the property to its value, retaining in his hands the balance beyond the judgment ; and then, if a *junior* creditor came to redeem, he must have paid the full amount of the bid. Here, then, are no equitable circumstances to warrant the Sheriff in withholding the deed. The mortgagee is merely suffering the penalty which the law intended to fix upon him, for his laches, in not running up the premises to their value. The statute is peremptory upon the Sheriff, and he has no right to inquire into the claims of third persons.

*Curia.* This case seems to be a *casus omissus* in the act under which the sale took place. The effect of a *mandamus* would probably be to deprive the mortgagees of all remedy against the junior incumbrancers. We grant a rule to shew cause. But as the decision of the question raised is very important to the rights of these parties, and to the community at large, and is not without its difficulties, we do this, without wishing to be understood as being at all committed. We shall hold ourselves perfectly open to a further and more full consideration of the matter, when it comes before us on the rule to shew cause.

Rule to shew cause.